IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Go Fit LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 1:11cv689 (TSE/TRJ) |
| | ) |
| gofit.com, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's motion (no. 16) for default judgment against the defendant domain name. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), plaintiff sent a copy of the complaint to the registrant of the defendant domain name via mail, FedEx, facsimile, and email. *See* Pl.'s Mem. of Pts. and Auths. (no. 7) ¶ 1. Plaintiff received acknowledgment via email that counsel for the registrant received the complaint. *See id.* Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb) and in accordance with a court order (no. 10), plaintiff published notice of the complaint (no. 11). There has been no answer or other response to the complaint. The Clerk entered default on October 6, 2011 (no. 14). Upon consideration of plaintiff's motion and the memorandum in support thereof, the magistrate judge makes findings as follows and recommends that default judgment be entered in plaintiff's favor against the defendant domain name.

**Jurisdiction and Venue**

This court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case arises under the

Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA").  There is *in rem* jurisdiction over the defendant domain name pursuant to 15 U.S.C. § 1125(d)(2)(A), as the defendant domain name violates plaintiff's registered marks, and plaintiff cannot obtain *in personam* jurisdiction over the defendant domain name's registrant, a Luxembourgian entity that does not have sufficient contacts with this district.  Venue is proper pursuant to 15 U.S.C. § 1125(d)(2)(A) and (C) because the domain name registry for the defendant domain name is located in this district.

## Standard

Federal Rule of Civil Procedure 55 permits the court to grant a motion for default judgment where the well-pleaded allegations of the complaint establish plaintiff's entitlement to relief, and where a defendant (or in a case such as this, a domain name's registrant) has failed to plead or defend as provided by and within the time frames contained in the rules.  *Music City Music v. Alfa Foods, Ltd.,* 616 F. Supp. 1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55.  By defaulting, a defendant or registrant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  *See also DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan*); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has effect of admitting factual allegations in complaint); *Marion County Court v. Ridge*, 13 F.2d 969, 971 (4th Cir. 1926) (default admits well-pleaded facts) (citations omitted).

## Factual Background

The well-pleaded allegations of the complaint establish the following facts:

Plaintiff Go Fit LLC is an Oklahoma limited liability company.  Compl. ¶ 7.  The

defendant domain name was registered by DI S.A., a Luxembourgian entity ("DI").  Compl. ¶ 9.  The domain name registry for the defendant domain name is VeriSign, Inc., which is located in Dulles, Virginia.  Compl. ¶ 8.

Plaintiff is the owner of U.S. Trademark Registration Nos. 2,402,055, for GOFIT.NET, and 3,813,677, for GOFIT, which plaintiff acquired on November 7, 2000 and July 6, 2010, respectively.  Compl. ¶¶ 12-13.  Plaintiff has sold exercise equipment in North America, Europe, Asia, and Australia and New Zealand using the GOFIT mark since July 2, 1999.  Compl. ¶ 14.  Plaintiff operates a website at the domain name gofit.net, which it has held since 1999.  Compl. ¶ 17.

The defendant domain name was registered on February 22, 2001.  Compl. Exh. 1.  DI does not sell plaintiff's products, engage in any business under the GOFIT name, or engage in fitness-related activities.  Compl. ¶ 20.  DI also owns approximately 4,634 other domain names not associated with DI's business.  Compl. ¶ 19.  DI is the successor in interest to, or alter ego of, International Services Company, another Luxembourg entity that has repeatedly been found by arbitration panels to be in the business of registering, buying, and selling domain names for profit.  Compl. ¶¶ 10, 19.

DI has "parked" the defendant domain name with a company known as Sedo Domain Parking ("Sedo").  Compl. ¶ 21.  Sedo's business model is to display relevant advertisements at unused domain names, and to generate revenue for the domain name's registrant based on visitors' clicking on those advertisements.  Compl. ¶ 22, Exh. 6.  Sedo displays advertisements for exercise equipment at the defendant domain name.  Compl. ¶ 21.  Sedo also facilitates sales of domain names.  Compl. Exh. 6.  Acting through Sedo, DI offered to sell the defendant domain name to plaintiff for $250,000.00 in response to plaintiff's offer of $100.00.  Compl. ¶ 24, Exh.

7.

## Discussion and Findings

Plaintiff alleges violations of the ACPA pursuant to 15 U.S.C. § 1125(d)(1)(A)(i) and (ii)(I). Accordingly, the burden is on plaintiff to show that (1) the registrant of the defendant domain name "has a bad faith intent to profit" from the use of plaintiff's mark in the domain name; (2) plaintiff's mark is distinctive and was distinctive at the time of registration of the defendant domain name; and (3) the defendant domain name "is identical or confusingly similar to" plaintiff's mark.  15 U.S.C. § 1125(d)(1)(A).

15 U.S.C. § 1125(d)(1)(B)(i) provides a non-exhaustive list of nine factors to be considered when determining the existence of a "bad faith intent to profit."  Those factors are:

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;
>
> (II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;
>
> (III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;
>
> (IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;
>
> (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;
>
> (VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;
>
> (VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional

>failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;
>
>(VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and
>
>(IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of [15 U.S.C. § 1125(c)].

15 U.S.C. § 1125(d)(1)(B)(i).

First, the magistrate judge finds that the well-pleaded facts of the complaint establish that the defendant domain name was registered with a bad faith intent to profit. DI does not have any trademark or other intellectual property rights in the defendant domain name. The defendant domain name does not identify DI. DI does not use the defendant domain name in the bona fide offering of goods or services; rather, it uses the defendant domain name solely to display advertisements that generate revenue for DI on a per-click basis. DI is not using the defendant domain name to display a site that uses plaintiff's marks in a bona fide noncommercial or fair use manner. *Cf. Lamparello v. Falwell*, 420 F.3d 309, 320 (4th Cir. 2005) (use of a domain name for criticism constitutes bona fide noncommercial or fair use under the ACPA). DI's intent to divert consumers by creating confusion as to the provenance of the site displayed at the defendant domain name is evident in the domain name itself. The defendant domain name is nearly identical to that of plaintiff's website, simply using the .com top-level domain rather than .net, as plaintiff's site does. DI has offered to sell the defendant domain name to plaintiff for $250,000.00, despite the fact that the defendant domain name is used solely for pay-per-click advertising. DI owns approximately 4,634 other domain names not associated with DI's

business, thereby engaging in the type of domain name "warehousing" the ACPA was, in part, intended to address. *See Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 239 (4th Cir. 2002) (citing H.R. Rep. No. 106-412, at 13 (1999)). Finally, as discussed below, plaintiff's mark, which is incorporated in the defendant domain name, is distinctive within the meaning of 15 U.S.C. § 1125(c).

Second, the magistrate judge finds that plaintiff's GOFIT mark is distinctive and was distinctive when the defendant domain name was registered on February 22, 2001. The GOFIT mark is suggestive, in that it "connote[s], without describing," the goods sold by plaintiff, i.e., exercise equipment. *Venetian Casino Resort, LLC v. venetiangold.com*, 380 F. Supp. 2d 737, 742 (E.D. Va. 2005) (Lee, J.). Suggestive marks are inherently distinctive. *Id.* at 741 (citing *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 464 (4th Cir. 1996). Accordingly, plaintiff's GOFIT mark is distinctive. Plaintiff has been selling exercise equipment under the GOFIT name since July 2, 1999, and registered GOFIT.NET on November 7, 2000. Thus, plaintiff's mark was distinctive on February 22, 2001, when the defendant domain name was registered.

Third, the magistrate judge finds that the defendant domain name is identical to plaintiff's mark. The defendant domain name consists entirely of plaintiff's GOFIT mark, with only the .com top-level domain appended.

Fourth, the magistrate judge accordingly finds that plaintiff is entitled to transfer of the defendant domain name pursuant to 15 U.S.C. § 1125(d)(2)(D)(i).[1]

Fifth, the magistrate judge finds that plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a). Even when proceeding under the *in*

---

[1] In its complaint, plaintiff sought statutory damages of $100,000.00 pursuant to 15 U.S.C. § 1117(d). *See* Compl. ¶ 36. Plaintiff does not seek that award in its motion for default judgment, and the magistrate judge accordingly has not made any findings on that question here.

*rem* provisions of the ACPA, a prevailing plaintiff in a default judgment may recover attorneys' fees and costs under 15 U.S.C. § 1117(a). *Agri-Supply Co. v. agrisupply.com*, 457 F. Supp. 2d 660, 665-66 (E.D. Va. 2006) (Morgan, J.). Such an award is appropriate where the registrant has willfully failed to appear in court, has been found to have acted in bad faith in other cases, and has no rights or legitimate interest in the domain name at issue. *Id.* at 666-67. In this case, DI has failed to appear in this court despite having actual notice of the suit, as demonstrated by its counsel's response to plaintiff confirming receipt of the complaint. DI's predecessor or alter ego, International Services Company, has been found to have been engaged in the business of domain name "warehousing" on numerous prior occasions. As discussed above, DI has no legitimate interest in the defendant domain name. Accordingly, it is appropriate to award plaintiff its reasonable attorneys' fees and costs.

### Recommendation

The magistrate recommends that default judgment be entered against the defendant domain name in favor of plaintiff, and that ownership of the defendant domain name be transferred to plaintiff. The magistrate judge further recommends that plaintiff be awarded its reasonable attorneys' fees and costs, and that plaintiff be ordered to provide supplemental briefing supporting its request for fees and costs.

### Notice

By means of the court's electronic filing system, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

December 20, 2011
Alexandria, Virginia